# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

| | | |
|---|---|---|
| ADAM BIXBY | : | Case No. |
| On behalf of himself and | : | |
| Others similarly situated, | : | |
| | : | Judge |
|       Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOYOTA MOTOR NORTH | : | |
| AMERICA, INC. | : | |
| 6565 Headquarters Drive | : | |
| Plano, TX 75024 | : | |
| | : | |
| and | : | |
| | : | |
| TOYOTA MOTOR SALES, | : | |
| U.S.A., INC. | : | |
| 6565 Headquarters Drive | : | |
| Plano, TX 75024 | : | |
| | : | |
| | : | |
|       Defendants. | : | |

_____

## CLASS ACTION COMPLAINT
_____

Plaintiff Adam Bixby, for his Complaint against Toyota Motor North America, Inc. and Toyota Motor Sales, U.S.A., Inc., states as follows:

### I.   PRELIMINARY STATEMENT

1.   This action arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.* Bixby, a current employee of Defendant, alleges that Defendant is interfering with his use of FMLA leave, and the use of FMLA leave by other similarly situated individuals, by overcalculating the amount of leave they use.

2. The FMLA entitles eligible employees to 12 weeks of leave per year. Pursuant to 29 C.F.R. § 825.205(b)(1), an employer must calculate an employee's use of leave based on that employee's actual work week. Defendants, however, calculate all employees' leave based on a 40-hour work week, equating to 480 hours over the 12-week period, without regard to the number of hours Bixby or the other employees work or are scheduled to work. By converting all employees' 12-week leave entitlement into a 480-hour leave entitlement, Defendant is interfering with the leave entitlement of employees who work, or are scheduled to work, more than 40 hours in a week in which they take FMLA leave as they ultimately receive less than 12 weeks of leave.

3. Bixby seeks relief for the aforementioned acts and/or omissions in the form of class-wide equitable relief. Finally, Bixby, on his own behalf and on behalf of the putative class, seeks payment of reasonable attorney fees and costs.

## II.    JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 29 U.S.C. § 2601, *et seq*.

5. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Eastern District of Kentucky.

## III.    PARTIES

6. Plaintiff Adam Bixby is an employee of Defendant Toyota Motor North America, Inc. He currently works at Defendant's Hebron, Kentucky facility.

7. Defendant Toyota Motor North America, Inc. is a California corporation with its principal place of business in Plano, Texas. Toyota Motor North America, Inc. is an employer as that term is defined by the Family and Medical Leave Act.

8. Defendant Toyota Motor Sales, U.S.A., Inc., is a California corporation with its principal place of business in Plano, Texas. Toyota Motor Sales, U.S.A., Inc. is an employer as that term is defined by the Family and Medical Leave Act.

9. Defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor North America, Inc. jointly employ Bixby and the members of the putative class and are in integrated employer for purposes of the FMLA. There is an interrelation of operations between the entities, they have common ownership/financial control, common management, and there is a centralized control of labor relations. Specifically, Toyota Motor North America, Inc. controls the human resources functions of Toyota Motor Sales, U.S.A., Inc., including administration of FMLA leave. The Defendants are referred to hereafter collectively as TMNA.

IV. STATEMENT OF THE CASE

INDIVIDUAL ALLEGATIONS

10. Bixby began working for TMNA in November 2018 at its facility in Portland, Oregon.

11. In April 2021, Bixby transferred to the TMNA location in Hebron, Kentucky.

12. Bixby suffers from several serious health conditions, including eosinophilic esophagitis and irritable bowel syndrome.

13. Bixby requested and TMNA approved FMLA leave for Bixby as a result of his conditions. He has taken leave on a continual basis and on an intermittent basis.

14. Since arriving at the Hebron, Kentucky facility, Bixby regularly works, or is scheduled to work, more than 40 hours in a week. Bixby often works more than forty hours during the regularly-scheduled Monday through Friday workweek, as well as

overtime on Saturdays and Sundays. Some of the overtime hours have been mandatory, while others have been voluntary.

15. When Bixby takes FMLA leave on an intermittent basis, TMNA deducts the number of hours he takes from his total FMLA entitlement.

16. Under the FMLA, employees are entitled to 12 weeks of FMLA leave.

17. The regulations implementing the FMLA provide that each employee's actual work week is the basis for the leave entitlement. Thus, if an employee who would otherwise work 40 hours in a week uses eight hours of FMLA leave, that employee would use 1/5 of a week of FMLA leave. If an employee who would otherwise work 48 hours in a week uses eight hours of FMLA leave, that employee would use 1/6 of a week of FMLA leave.

18. The FMLA permits employers to convert the fractions of a week to an hourly equivalent so long as the conversion actually reflects the employee's scheduled hours. However, in no circumstances do employees accrue FMLA-protected leave at a particular hourly rate.

19. If an employee's use of leave is so variable that an employer is unable to determine with certainty how many hours an employee would otherwise have worked, an employer may calculate a weekly average of hours scheduled (including any hours for which the employee took leave of any type) over the prior 12 months to determine an employee's leave entitlement.

20. However, if an employee's schedule undergoes a permanent or long-term change, the employer must use the hours worked under the new schedule as the basis for any calculation of leave usage.

21. Instead of calculating Bixby's FMLA entitlement based on his actual workweek or based on an average of hours scheduled, TMNA allotted Bixby only 480 hours of FMLA

leave.  TMNA derived the 480-hour allotment by multiplying the standard 40-hour work week by 12 weeks.

22. Bixby regularly works in excess of 40 hours per week, is regularly scheduled to work in excess of 40 hours per week, and, over the previous 12 months, was scheduled to work more than 40 hours a week on average (less leave Bixby took under the FMLA and other leave entitlements).

23. As a result, TMNA has allotted Bixby less FMLA leave than he is entitled under the law.  Bixby is entitled to more than 480 hours of FMLA leave as his average weekly work week, multiplied by twelve weeks, exceeds 480 hours.

24. Bixby has currently exhausted his available FMLA leave and is unable to take any such leave without incurring discipline.

25. Bixby has notified TMNA that it is calculating his leave in violation of the FMLA.  In response, TMNA has wrongly insisted that it is permitted to allot all employees 480 hours of FMLA leave, regardless of the number of hours they work.

26. TMNA has admitted that it allots all of its employees 480 hours of leave, regardless of the number of hours they work.

27. After Bixby complained, TMNA informed Bixby that he was actually entitled to fewer than 480 hours of FMLA leave.  In reaching that conclusion, TMNA improperly based its calculation on the number of hours Bixby actually worked, rather than the number of hours Bixby would have otherwise worked but for use of leave.  Specifically, TMNA improperly excluded from its calculation the hours Bixby took as FMLA leave and other accrued leave.

28. Additionally, when Bixby requested that TMNA provide him records of time he has worked in the previous year, TMNA refused to provide him with such information.

29. TMNA intentionally miscalculates Bixby's leave entitlement, and the leave entitlements of other eligible employees.

30. As a result of TMNA's failure to correctly calculate Bixby's FMLA entitlement, Bixby has incurred discipline under TMNA's progressive discipline policy, subjecting him to potential termination.

31. Specifically, on January 24, 2022, Bixby was absent and requested leave as a result of his serious health condition. TMNA denied that leave and assessed him three points under its attendance policy.

## CLASS ALLEGATIONS

32. Plaintiff brings this cause pursuant to 29 U.S.C. § 2617(b) and F.R.C.P. 23(b)(2) solely for preliminary injunctive relief on his own behalf and on behalf of all other similarly situated individuals who are eligible to take intermittent FMLA leave and have had their leave entitlement miscalculated based on TMNA improperly allotting all employees 480 hours of FMLA leave instead of 12 weeks of FMLA leave based on their actual work schedules.

33. This action is brought and may be properly maintained as a class action pursuant to F.R.C.P. 23.

34. The Class is so numerous that joinder of all members is impractical. Although the exact size of the class is unknown, membership in the Class potentially numbers in the hundreds. Accordingly, the Class is sufficiently numerous that joinder of all members of the Class is impractical.

35. There are numerous key questions of fact and law which are common to all members of the Class, which predominate over any questions which effect only individual members of the class, including the following:

    a. Whether TMNA's policies, practices, or customs related to its FMLA leave program improperly and unlawfully fail to calculate an employee's FMLA leave entitlement based on the employee's actual work week, rather than a standardized 40-hour work week, for purposes of determining the amount of FMLA leave to which each eligible employee is entitled;

    b. Whether TMNA's employees' work schedules are so variable that they can apply an average of the previous 12 months;

    c. Whether TMNA's calculation of an employee's average work week must include time taken as FMLA leave or other leave;

    d. Whether TMNA is interfering with leave entitlements of eligible employees by miscalculating their leave entitlements.

36. Plaintiff's claims are typical of the claims of the other members of the Class that they seek to represent.

37. Plaintiff will fairly and adequately protect the interests of the members of the Class and Plaintiff has no interest that is adverse to the interests of the Class.

38. Plaintiff has retained competent counsel who have substantial experience in the prosecution of employment and class action cases.

39. While Plaintiff need not show superiority or predominance for a FRCP 23(b)(2) class, a class action is nonetheless superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical.  Even if any Class members could afford individual litigation, it would be unduly burdensome to the individual courts.  Individual litigation magnifies the delay and expense to all parties.  By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of

scale and comprehensive supervision by a single Court. Concentrating this litigation in one forum would promote judicial economy and efficiency and promote parity among the claims of individual Class members as well as judicial consistency. The conduct of this action as a Class Action conserves the resources of the parties and the Court system, and protects the rights of each class member and meets all due process requirements as to fairness to the Defendants.

40. The Defendants have acted, or refused to act, both in the past and into the future on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class defined as follows:

    a. All current and former employees of TMNA who, within the 12 months preceding the issuance of injunctive relief, have 1) exercised or attempted to exercise rights under the FMLA; 2) have worked, or were scheduled to work, in excess of forty hours per week in a week in which they took leave, or, alternatively, worked, or were scheduled to work more than 40 hours per week on average over the 12 months preceding the commencement of the leave period; and 3) have had their FMLA allotment calculated based on a 40-hour work week.

    b. All current and former employees of TMNA who, within the 36 months preceding the filing of this action, have 1) worked, or were scheduled to work, in excess of forty hours per week in a week in which they took leave, or, alternatively, worked, or were scheduled to work more than 40 hours per week on average over the 12 months preceding the commencement of the leave period; 2) had their FMLA entitlement calculated by TMNA on the basis of a 40-hour work week; 3) exhausted their FMLA entitlement; and 4)

8

received discipline for an absence caused by the serious health condition for which the employee had approved FMLA leave (including, but not limited to, written corrective action, suspension, or termination).

## **IRREPARABLE HARM**

41. Bixby and the other putative members of the Class will suffer irreparable harm if the Court does not provide interim relief. Specifically, Bixby and members of the Class are unable to use job-protected leave available to them for medical treatment or incapacity.

42. Moreover, Bixby and members of the Class, if forced to miss work due to their serious health conditions or the serious health conditions of a family member, face the prospect of termination of their jobs and their much-needed health benefits.

43. A future monetary award will not repair the harm they suffer in the interim, particularly arising out of an inability to adequately treat their serious health conditions (or those of a family member) due to a loss of health insurance and a loss of income.

## VI.   STATEMENT OF THE CLAIMS

### Count 1: FMLA Interference
### (29 U.S.C. § 2617(b))

44. Bixby incorporates the previous paragraphs as if fully rewritten herein.

45. Bixby has worked for TMNA for more than 12 months.

46. Bixby has worked more than 1,250 hours in the previous year.

47. Bixby works at a location with 75 or more employees.

48. Bixby suffers from a serious health condition.

49. Bixby notified TMNA that he required leave for his serious health condition.

50. Bixby timely provided all requested certifications for such leave.

9

51. TMNA notified Bixby that he was eligible for leave and designated much of his leave as FMLA leave.

52. Bixby regularly works in excess of 40 hours in a week, including overtime shifts, such that his 12-weeks of FMLA leave equals more than 480 hours.

53. Instead of calculating the FMLA leave entitlement of Bixby and other members of the putative Class based on their actual work weeks, TMNA improperly calculates their leave entitlement based on a uniformly-applied 40-hour work week in violation of 29 C.F.R. § 825.205(b).

54. TMNA has a pattern and practice of miscalculating the leave entitlements of their employees by not including all hours they work in a particular work week when determining their use of their FMLA allotment.

55. As a result of TMNA's miscalculation of employees' leave entitlement, TMNA has denied Bixby and members of the Class leave to which they are entitled. Specifically, each time Bixby and members of the Class use leave on an intermittent basis in a week in which they work more than 40 hours, TMNA reduces their FMLA entitlement by a greater proportion of a week than they actually used. For each hour of time an employee misses due to an FMLA-qualifying reason, TMNA reduces the employee's FMLA entitlement by 1/40 of a week, even if such hour represents less than 1/40 of a week.

56. TMNA has acted willfully. Specifically, Bixby has expressly alerted TMNA to its miscalculation and it refuses to modify its calculation of employee leave entitlements. Indeed, TMNA intentionally uses such a method of calculation for administrative efficiency, despite knowledge that such calculation violates the FMLA and/or with a reckless disregard of whether it violates the FMLA.

57.     TMNA's violation is ongoing.  Bixby and members of the Class continue to suffer interference with their FMLA entitlement.

## PRAYER FOR RELIEF

Wherefore, Adam Bixby, on behalf of himself and the Class, demands judgment against Defendant TMNA as follows:

1.     Certification of a Class, as defined herein;

2.     A preliminary order declaring TMNA has interfered with the FMLA rights of Bixby and the Class by miscalculating their FMLA leave entitlement;

3.     A preliminary order requiring TMNA to calculate each employee's FMLA leave entitlement based on the employee's actual work week;

4.     A preliminary order reinstating the leave entitlements of Bixby and the Class to their rightful amounts;

5.     A preliminary order rescinding all discipline issued to Bixby and the Class as a result of miscalculation of their leave entitlements and reinstating all members of the Class who have been suspended or terminated as a result of TMNA's miscalculation of their leave entitlements;

6.     An award of reasonable attorney fees and costs; and

7.     An award of any other relief in equity to which Bixby and members of the Class are entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Marc D. Mezibov
Marc D. Mezibov
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com

*Attorney for Plaintiff Adam Bixby*