UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 22-59-DLB-CJS

ADAM BIXBY, on behalf of himself and
others similarly situated                                                                                        PLAINTIFF


v.                              **MEMORANDUM OPINION AND ORDER**


TOYOTA MOTOR NORTH AMERICA, INC., and
TOYOTA MOTOR SALES, U.S.A., INC.                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

**I.    INTRODUCTION**

This matter is before the Court upon Defendants Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc.'s Motion to Compel Arbitration, Dismiss Plaintiff's Class Claims, and Dismiss or Stay Plaintiff's Individual Claims.  (Doc. # 25).  Plaintiff Adam Bixby has filed his Response (Doc. # 27), and Defendants have filed their Reply (Doc. # 29).  Thus, the motion is ripe for the Court's review.  For the reasons stated herein, Defendants' motion is **granted**, and this matter is stayed pending arbitration.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

This dispute centers around an employee's allegation that his employer is interfering with his, and other similarly situated individuals', use of leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654.  (Doc. # 1 ¶ 1).  The employee, Adam Bixby, alleges that Defendants, his employer, improperly overcalculate employee leave under the FMLA.  (*Id.* ¶¶ 1, 6, 7).  Bixby specifically alleges that Defendants are not

1

calculating accumulated leave by the actual hours worked by employees but rather they are standardizing a forty-hour work week and multiplying by that number. (*Id.* ¶¶ 21-22, 27). Bixby asserts a single count in the Complaint: FMLA Interference under 29 U.S.C. § 2617(b). (*Id.* §§ 44-57). He seeks class-wide equitable relief, class certification, several preliminary orders, as well as payment of reasonable attorney fees and costs on behalf of himself and the class. (*Id.* at 11).

Bixby also filed a separate Motion for a Temporary Restraining Order that was later withdrawn because it was settled by the parties. (Docs. # 8 and 22). Defendants now assert that Bixby's individual and class claims should be dismissed because they are either waived or subject to arbitration per an agreement he entered as part of his employment. (*See generally* Doc. # 25).

### III. ANALYSIS

#### A. Standard of Review

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, governs arbitration agreements, including mandatory arbitration agreements in the employment context. *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009). Section 4 of the FAA provides, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement . . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. The Sixth Circuit has opined that the language of the FAA strongly evidences a public policy preference in favor of arbitration—as a party who submits to

arbitration "does not forgo the substantive rights afforded by the statute," but rather "only submits to their resolution in an arbitral, rather than judicial, forum." *Mazera*, 565 F.3d at 1001 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

When the Court is asked to compel arbitration under § 4 of the FAA, it first "must determine whether the parties have agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Specifically, the Court should determine: "(1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) whether Congress intended any federal statutory claims to be nonarbitrable; and (4) whether to stay any remaining claims while arbitration takes place." *Oliver v. Jackson Family Enters.*, No. 5:21-CV-42-DCR, 2021 WL 1537574, at *2 (E.D. Ky. Apr. 19, 2021) (quoting *Stout*, 228 F.3d at 714) (internal quotation marks omitted). Moreover, "in conducting this 'limited review,' any 'doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Id.* (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)); *see also Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (holding that if the Court is satisfied that the agreement to arbitrate is not "in issue," it must compel arbitration).

Here, the parties do not dispute that they entered into a valid arbitration agreement; instead, they focus their arguments on the scope of the agreement and the arbitrability/waiver of the claims: whether the FMLA forbids enforcement of the agreement and whether the terms of the agreement exempt the class-wide injunctive relief Bixby seeks from arbitration. (Docs. # 27 at 2-23 and 29 at 2-15).

3

**B.  Class Claims**

The parties' arbitration agreement contains a class action waiver which states that "[t]o the extent permitted by law, [Bixby] waives any right to bring on behalf of persons other than him/herself, or to otherwise participate with others in, any class or collective action." (Doc. # 25-1 at 9). Bixby argues that (1) the FMLA does not allow for class action waivers, so the class action waiver constitutes an improper prospective waiver of his express FMLA rights and (2) the arbitration agreement exempts preliminary injunctions "in aid of arbitration" from the agreement. (Doc. # 27 at 2). Defendants disagree, they counter that (1) while the FMLA protects substantive rights, it allows waiver of procedural devices, such as class actions and (2) Bixby is incorrect in his interpretation of what constitutes "in aid of arbitration." (Doc. # 29 at 3-15). The Court will address each argument.

*1.  FMLA and Class Action Waivers*

The law is clear that the party maintaining that another federal law displaces the FAA "faces a stout uphill climb" which requires "'clear and manifest' congressional intent to make individual arbitration agreements unenforceable." *Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 295 (6th Cir. 2018) (citing and quoting *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018)). This climb seems insurmountably steep as the Supreme Court has rejected *every* effort to conjure conflicts between the FAA and other federal statutes to date. *Epic*, 138 S. Ct. at 1627 (collecting cases). This outcome makes sense because "[a]llowing judges to pick and choose between statutes risks transforming them from expounders of what the law *is* into policymakers choosing what the law *should* be." *Id.* at 1624. Here, Bixby essentially argues that the FMLA displaces the FAA, but like those

4

before him in other statutory contexts, he is unable to get over the hump so to speak. *McGrew v. VCG Holding Corp.,* 244 F. Supp. 3d 580, 588 (W.D. Ky. 2017), *aff'd*, 735 F. App'x 210 (6th Cir. 2018) (noting that the party that opposes arbitration bears "the burden of showing that Congress intended their claims to fall outside the FAA.").

Bixby contends that the FMLA prohibits employer interference with employee FMLA rights. On this point, Bixby is correct. (Doc. # 27 at 3); 29 U.S.C. § 2615(a)(1). Because the FMLA contains a right of action for class action suits, Bixby argues that this is the kind of right with which an employer cannot interfere. (Doc. # 27 at 3); 29 U.S.C. § 2617(a)(2)(B). Bixby further argues that pursuant to 29 C.F.R. § 825.220(d), an employee "cannot waive, nor may employers induce employees to waive, their prospective rights under the FMLA." (Doc. # 27 at 4). In a nutshell, Bixby's argument is that when he assented to the arbitration agreement, he did not waive his class action rights because the waiver provision only allowed him to waive his claims "to the extent permitted by law." (Doc. # 25-1 at 9).

Neither of these cited authorities, 29 U.S.C. § 2617(a)(2)(B) nor 29 C.F.R. § 825.220, are sufficient to prove a clear and manifest congressional intent for the FMLA to displace the FAA. The Supreme Court has "made clear that even a statute's express provision for collective legal actions does not necessarily mean that it precludes" arbitration. *Epic*, 128 S. Ct. at 1627 (citations omitted). Even more detrimental to Bixby's argument, the Supreme Court has "had no qualms in enforcing a class waiver in an arbitration agreement" even when the relevant statute permits collective legal actions *and* expressly provides that any waiver of the rights conferred by the statute is void *Id.* at 1628 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991); *Am.*

5

*Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 237 (2013); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 99-100 (2012)).

For example, like the FMLA, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, allows for employees to sue on behalf of themselves and other employees in a collective action but every circuit, including the Sixth Circuit, that has considered whether the FLSA displaces the FAA has held that the FLSA allows for agreements for *individualized* arbitration.  *Epic*, 138 S. Ct. at 1626; *see also Gaffers*, 900 F.3d at 296-97 (holding that the FLSA's collective action provision does not preclude individualized arbitration).

As to waiver, Bixby is correct that the FMLA does not allow for waiver of *substantive* statutory rights under the FMLA, such as medical leave or to reinstatement following leave.  *See Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 282 (6th Cir. 2012) (noting the FMLA's creation of substantive rights); *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 320 (5th Cir. 2003) (explaining that 29 C.F.R. § 825.220 applies only to waiver of substantive rights under the statute, such as rights to leave and reinstatement).

But here, Bixby's substantive rights are not impacted by the class action waiver. Instead, the "class-action waiver merely limits arbitration to the two contracting parties.  It no more eliminates those parties' right to pursue their statutory remedy than did federal law before its adoption of the class action for legal relief in 1938." *Italian Colors*, 570 U.S. at 236.  Simply put, the waiver limits the procedural way Bixby can assert his claims, but it does not stop Bixby from asserting his claims entirely, so it does not waive his substantive statutory rights.  Thus, "employees who do not sign individual arbitration agreements are free to sue collectively, and those who do sign individual arbitration

6

agreements are not." *Gaffers*, 900 F.3d at 296 (explaining the same reasoning in the context of the FLSA's collective action provision). Accordingly, Bixby's class claims are **dismissed** because he waived his procedural right to pursue class action claims under the FMLA in the arbitration agreement.

### 2. *Injunctive Relief in Aid of Arbitration*

A separate clause of the arbitration agreement states that "court actions seeking provisional remedies in aid of arbitration, including temporary restraining orders and preliminary injunctions," are not covered by the agreement. (Doc. # 25-1 at 5). Bixby relies on this clause to argue that the class action waiver does not apply to class-wide injunctive relief so he can request class-wide relief before this Court. (Doc. # 27 at 15). The Court disagrees.

Other than the general allegations in the Complaint, Bixby does not have any pending requests for injunctive relief pending before the Court. (Doc. # 1 ¶¶ 41-43). While Bixby did file a Motion for a Temporary Restraining Order on an individual basis, it was settled by the parties. (Docs. # 8 and 22). Even assuming Bixby had filed a motion for class-wide injunctive relief, it would be inappropriate for the Court to consider it for several reasons.

First, as explained above, Bixby's class claims cannot proceed; Bixby cannot seek class-wide injunctive relief in arbitration, he can only do so on an individual basis. Therefore, as a matter of common sense, he cannot maintain that requesting class-wide injunctive relief would be "in aid of arbitration" because he cannot bring class claims. Even if he could, he would be limited by the phrase of "in aid of arbitration." Courts have allowed injunctive relief "in aid of arbitration" to preserve the status quo pending arbitration

7

proceedings. *Meyer v. Fifth Third Bank*, 842 F. App'x 104, 106 (9th Cir. 2021); *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 980 (9th Cir. 2010). However, Bixby has already received individual relief as to the status quo when the parties agreed that Bixby would receive attendance points that he had lost for absences, Defendants would provide him with additional leave under the FMLA, and that Defendants would calculate leave under the FMLA utilizing the formulation he advocated for in the Complaint. (Doc. # 21 at 2).

Second, the Court agrees with the reasoning of its sister court in *Ferguson Enters., Inc. v. Hollenkamp*, No. 3:15-CV-656-DJH-DW, 2015 WL 6126844, at *3 (W.D. Ky. Oct. 16, 2015). In *Ferguson*, the parties entered into an arbitration agreement with a very similar provision to the one here and the plaintiff sought preliminary injunctive relief. *Id.* The court held that "holding an evidentiary hearing and making the necessary findings following the hearing would not merely aid the arbitration, but essentially supplant it. This would frustrate the policy of deferring to arbitration in those cases . . . where arbitration is well suited to resolve the issues between the parties." *Id.* Here, the same issue is present: for any other injunctive relief, the Court would be deciding issues on the merits instead of providing interim relief to preserve the status quo, which other courts have allowed. In short, Bixby cannot request class-wide injunctive relief because he cannot pursue class claims and he has already received status quo relief as to his individual claims through the parties' agreement.

### C.    Individual Claims

The parties agree that Bixby's individual claims are subject to arbitration. (Docs. # 25 at 18 and 27 at 23). They disagree as to whether his claims should be stayed or

8

dismissed: Bixby indicates he is "agreeable to this Court staying [his] individual claims," while Defendants argue his claims should be dismissed. (Docs. # 27 at 23 and 25 at 17-18). That leaves the Court to decide only whether Bixby's individual claims should be stayed or dismissed pending arbitration. Indeed, this Court has dismissed claims pending arbitration in the past. *See, e.g., Treved Exteriors, Inc. v. Lakeview Const., Inc.*, No. 13-CV-83-DLB-JGW, 2014 WL 1047117, at *7 (E.D. Ky. Mar. 18, 2014).

However, the Sixth Circuit has more recently expressed a general preference for courts to stay matters pending arbitration, as opposed to outright dismissal. *See Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021). Because "the Federal Arbitration Act is not a docket-management statute," but one that "lay outs a textual preference for arbitration, not cleaning out district court dockets," this Court will stay Bixby's remaining individual claims. *Id.* at 943.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Defendants' Motion to Compel Arbitration, Dismiss Plaintiff's Class Claims, and Dismiss or Stay Plaintiff's Individual Claims (Doc. # 25) is **GRANTED**;

    (a) Plaintiff's Class Claims are **DISMISSED**;

    (b) Plaintiff's Individual Claims are **STAYED**;

(2) This matter is **STAYED pending arbitration**; and

(3) The parties shall arbitrate this dispute in accordance with their arbitration agreement and file a status report indicating the outcome of arbitration.

This 17th day of February, 2023.



K:\DATA\ORDERS\Cov2022\22-59 MOO re MTC Arbitration.docx